**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marco THOMAS, Defendant–Appellant.**

No. 15–1892.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 6, 2015.

Decided Jan. 5, 2016.

Ronald L. Dewald, Jr., Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Marco Thomas, Coleman, FL, pro se.

Before WILLIAM J. BAUER, Circuit Judge MICHAEL S. KANNE, Circuit Judge ANN CLAIRE WILLIAMS, Circuit Judge.

**ORDER**

Defendant Marco Thomas was convicted in 2005 of several federal offenses, including drug trafficking and money laundering, for his participation in a cocaine distribution network. Prior to sentencing, his probation officer determined his base offense level for his drug trafficking offenses to be 38, as prescribed by the drug quantity table in U.S.S.G. § 2D1.1(c)(2). The probation officer found his base offense level for his money laundering offenses was 38 because U.S.S.G. § 2S1.1(a)(1) adopts "[t]he offense level for the underlying offense from which the laundered funds were derived." A two-point enhancement was also added under U.S.S.G. § 2S1.1(b)(2)(B) because Thomas's money laundering convictions were for violating 18 U.S.C. § 1956, bringing his offense level to 40. Thomas was determined to have a Category VI criminal history because he had two previous felony drug convictions and committed the current trafficking offenses after the age of 18. U.S.S.G. § 4B1.1(a)-(b).

As a result of his offense level and criminal history, his guidelines range was 360 months to life imprisonment.* The district court adopted the probation officer's findings and sentenced him to 420 months in prison. Thomas appealed, and we affirmed his convictions. *United States v. Recendiz*, 557 F.3d 511 (7th Cir.2009).

Five years after we affirmed Thomas's convictions, the U.S. Sentencing Commission issued Amendment 782, which reduced by two levels the offense levels in the drug quantity table in § 2D1.1(c) for Thomas's offenses and most other drug offenses. Relying on Amendment 782, Thomas filed a motion in district court seeking to reduce his sentence. The district court denied his motion. On this successive appeal, Thomas argues that because Amendment 782 reduced his base offense level to 36 for his drug trafficking

---

* Thomas was also convicted of possessing a weapon in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Therefore, he also faced a mandatory minimum of five years in prison to be served consecutively to any sentence imposed for his other offenses. Thus, both the probation officer in her report and the district court at sentencing stated the applicable range was 420 months to life imprisonment due to having added the five-year mandatory minimum to the actual guidelines range of 360 months to life imprisonment.

offenses, he is entitled to resentencing pursuant to 18 U.S.C. § 3582(c)(2).

Thomas is not entitled to resentencing because his applicable guideline range remains unchanged from his first sentencing. *See* § 3582(c)(2) (stating a district court may not modify a prison sentence unless a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ."); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir.2011) (" '[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline. . . .' " (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A))). After Amendment 782, Thomas's base offense level for his trafficking convictions is 36, which is the same base offense level for his money laundering offenses. *See* U.S.S.G. § 2S1.1(a)(1) (adopting the base offense level of the underlying offense). With the two-level enhancement he received under § 2S1.1(b)(2)(B), his total offense level is 38, and his criminal history remains Category VI. Under the applicable sentencing table, his guidelines range is 360 months to life imprisonment, the same guidelines range used at his first sentencing. Therefore, he is not entitled to resentencing under § 3582(c).

For the reasons stated herein, the judgment of the district court is AFFIRMED.

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C). Furthermore because discrimi- nation suits must name the head of the agency that allegedly discriminated against the plaintiff, *see, e.g.*, 42 U.S.C. § 2000e–16(c), we have reformed the caption.